NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WENQIANG XU,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No.  12-73428<br><br>Agency No. A088-463-496<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2016**

Before:      O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Wenqiang Xu, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").   We

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzalez*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

We do not consider new evidence that was not part of the record before the agency. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The record does not compel the conclusion that the mistreatment Xu suffered in China rose to the level of past persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006) (arrest, beating, interrogation, and three-day detention for illegal house church activity did not rise to the level of persecution); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481 n. 1 (1992) ("[t]o reverse the BIA finding [the court] must find that the evidence not only *supports* that conclusion, but *compels* it") (emphasis in original). Substantial evidence supports the agency's determination that Xu did not establish a well-founded fear of future persecution. *See id*. at 1021-22; *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) (claim of future persecution weakened when similarly-situated family members continue to live in the country without incident). Thus, we deny the petition as to Xu's asylum claim.

Because Xu did not establish eligibility for asylum, his withholding of

removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of CAT relief because Xu failed to establish that he would more likely than not be tortured by or with the consent or acquiescence of a government official if returned to China. *See Zheng v. Holder*, 644 F.3d at 829, 835-36 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**

12-73428